2010-12-38 Mr. Moshak Good morning, Your Honor. We are here on behalf of Ford Motor Company to ask this Court to reverse the holding of the Court of International Trade that for its failure to file its NAFTA Certificate of Origin within one year of importation constitutes an absolute jurisdictional bar to relief. The lower court's holding is based on its hands were tied by this Court's decisions in Xerox and Corporate. We disagree. We also ask this Court to affirmatively hold that pursuant to Section 10.112, Customs Regulations, Ford's NAFTA Certificate of Origin was timely filed since the certificate was filed before liquidation was final. And since Customs admitted that Ford's failure to file the certificate within one year was not due to its willful negligence of Ford's attempt, first I'd like to discuss Xerox and Corporate. But Ford didn't file them within one year. Correct, Your Honor. Ford did not file the certificate. Is that a requirement without a waiver? No, Your Honor, it is not. Isn't that exactly what the language of the statute requires? The language of the statute, Your Honor, should not be read in a vacuum. If you look at the NAFTA agreement itself, the Certificate of Origin can be waived in Section 503. And if you look at the Statement of Administrative Action, it says the NAFTA certificate can be waived. And the waiver authority expressly applies to Section 520D claims, the claims that are filed. But there was no waiver in this case? In this particular case, Customs did not provide a written waiver. Then you have the language of the statute, within one year after the date of importation files in accordance with these regulations, a claim that includes? Yes, Your Honor. The statutory language says the claim should include a Certificate of Origin. But the statutory language cannot be read in a vacuum. Section 10.112 says, notwithstanding the fact that a free entry document was not filed in connection with an entry, Customs should allow that free entry document to be filed at any time before liquidation is final. If you look at the plain language of that regulation, Your Honor, there is no question that Ford's NAFTA Certificate of Origin was timely filed. And you have to read it. But isn't there a question as to the interpretation of that regulation? It seems to me it's not crystal clear on the base of it. And Customs is saying, we interpret that regulation, it's our regulation, as not applying to this situation. I mean, that's part of their argument. Yes, Your Honor, Customs interprets the regulation as not applying. But there have been at least a half-dozen court cases where the Court of International Trade in this Court has said that Customs' interpretation of 10.112 is unduly narrow. Customs will continuously try to say that 10.112 doesn't apply. There are situations with the GSP free entry, with the Cyril Avinerix Board document, where the regulations say the document shall be filed at time of entry or the claim should be denied. And Customs says, oh, that's the end of it. But when it goes to court, Your Honor, case after case, the Court says, wait a second, look at the regulation. The regulation is there for a very express purpose. The regulation is there to benefit an importer and not to make an absolute bar to jurisdiction. But your problem is that none of those cases involves this statute or this requirement of supplying certificates of origin. I'm sorry, Your Honor. That's a question of first impression, is it not, as to whether this regulation would cover that? Absolutely. Yes, Your Honor. Absolutely. And it is a question of first impression. And that's one of the reasons why Corporate and Xerox are not controlling. Corporate and Xerox involved a case where absolutely nothing was filed within one year. In our case, something was filed. There's no question that we made that claim within a year. Your problem is, since it is a question of first impression, since the regulation is not clear on the face of it, under Cathedral Candle and other cases, don't we have to defer to the Customs interpretation of the regulation and say, whoops, sorry, the regulation doesn't help you because Customs has construed its own regulation and has not happened? We respectfully disagree, Your Honor. First, we believe if you look at the plain meaning of the regulation, if you look at the express language of this regulation, it absolutely applies to our case. The regulation says, whenever a free entry or reduced duty document form or statement, we have a free entry document and not the CO. And then it says, the document is required to be filed in connection with the entry. Our document, we agree, it's required to be filed and we did file. And then it says, it's not filed at time of entry. It was not required to file. It was not because of willful negligent or fraudulent intent. And the Customs has admitted that. And then it says, it can be filed at any time prior to liquidation. So if you look at the plain meaning of the regulation, we fall within the plain meaning of the regulation. And then you look at how the courts have historically interpreted 10.112 when Customs has historically taken a position that 10.112 doesn't apply. There are half a dozen cases, Your Honor, where Customs says, no, we don't like 10.112. But the courts will go back and say, Customs, you're required to live with 10.112. That regulation is there for a purpose, a very important purpose, and it's there to not put a roadblock in an importer's claim that's otherwise justified. It's there to help an importer. It should be liberally construed. And the courts, one court after another, Aveo, Mattel, Gulfstream, have said from 1960 to the present, Customs has misconstrued 10.112. So what we're asking you to do today is to follow this long line of cases where the courts have recognized the very important principle of 10.112 and reading 10.112 in conjunction with what otherwise looks like a binding law or binding regulation. And it's one case after another. The statute or the regulation, if you look at it in a vacuum, it looks absolutely clear in its face. You shall file this document at a particular time or you are not entitled to relief. That's what it says. But 10.112 is there and it's very, very critical, and the courts have recognized it, that you have to apply it in this situation. Our case, we believe, Your Honor, is no different than a GSP claim, a Cyril L. Abernathy board claim, any other claim where the situation has come before the courts before. And we're asking you to really take the same position that courts have in the past. And we're asking you to do it because there's no jurisdictional bar. What Customs said, and we think Customs has made a mistake in what the Department of Justice has said, that your hands are tied. Everybody's, they've said you can't go beyond this in this case because in the statute it says you have to file not the certificate of origin. We're saying, wait a second, 520D is not a jurisdictional barrier. And if we get over this hump of 520D somehow being jurisdictional, then you have to consider 10.112. And what happened was... Don't we have precedence saying that it's jurisdictional? You have, Corpo and Xerox, Your Honor. I mean, they're there, absolutely precedent that 520D is jurisdictional, that a claim has to be filed within one year of importation. And I don't have to go back to you, but the language in Corpo, but in Corpo and Xerox said there was nothing there. There was absolutely no claim raised within that one year period. Nothing. There was nothing for Customs to do because there was nothing to consider, because nothing was filed. And that's the basis, we believe, of Corpo and Xerox. Our case... That almost relates to entitlement to the benefit rather than the jurisdiction of the court. Well, we believe that the key hurdle is getting over the hump of the jurisdiction of the court. And what we're saying is you're correct on the jurisdiction of the court in Corpo and Xerox because there was nothing there. We have something there. So you have to find the next question. We have to step back and say the Customs Service and the lower court made a mistake. They just said Corpo, Xerox, you know, end of the game. We can't go any further. And we're saying we want somebody, you know, we'd like you to do it right here on appeal to make that decision or if you don't want to do it, at least to remand it back to somebody to consider 10.112 and the rest of our arguments. They stopped. And we're saying they were wrong to stop because we're talking about a totally different case. In Xerox and Corpo. I mean, it's the same statute, but the filing of a claim and the content of the claim are different. The filing of a claim is jurisdictional, getting something there. But if you look at the case law and the sufficiency of protests or the case law and other documents, the filing requirement, you know, may be jurisdictional. The filing requirement of something before the court to show that you're protesting the action, to show that you have a problem, you better get that in within a year. Isn't there a distinction with some of the other cases in that the claim by statute requires certain things? So the question here is whether you have in fact filed a claim. You filed a piece of paper, but it may not be a claim because by statute that claim required the COs, which were missing. But the question, there's two questions. One, did you file something? I think everybody would agree we filed something. And then the question, and you're right, the question is the sufficiency of the documents. But that's a totally different question. And customs in the lower court never reached that question. We're saying once there's an agreement or once you agree with us that something was filed and we met some type of jurisdictional barrier that we filed something, then we're into a different question considering 10.112. If we didn't file anything, 10.112 doesn't apply because you can't use 10.112 to get around something that's jurisdictional. Did you make a claim for preferential tariff treatment within a year? Absolutely, Your Honor. We did not, and we will admit, we did not file the certificate of origin within a year. But we absolutely made the claim. Customs had the claim in front of them and customs made a decision. And customs said we had to file the certificate of origin also. But customs had that claim. There was a decision there. Was the claim for preferential treatment made in Xerox in Corcoran? Not within a year, Your Honor. That's the key. If you were there a year after Xerox in Corcoran, a year after entry in Xerox in Corcoran, there'd be nothing, nothing on the file, nothing that this court, nothing that customs could say that these companies wanted an after preferential treatment. On the other hand, you get to our case. A year later, you're saying, hey, these guys made a claim. They may have screwed up because they may not have put the certificate of origin within that claim, but that claim was there. And that's the key. Once that claim is there, 10.112 kicks in. It could not have kicked in in Xerox in Corcoran, and we absolutely agree with your decision there. But once it's there, it kicks in. And just one more point, Your Honor. One reason that we're talking about something to form here, and one reason that 10.112 kicks in and that the 522 can't be jurisdictional is that the natural certificate of origin is a document that can be waived. You can't waive making a claim within one year, but customs has the authority to waive the certificate of origin. So if it's waivable, it can't be jurisdictional. It wasn't expressly waived in our case, but the key to us right here is to get around Corcoran and Xerox and get around jurisdiction. And once we've done that, once we've got it around Corcoran and Xerox, and once you agree that that's distinguishable, and once you agree that there's no jurisdiction, then what we're saying is you have to consider 10.112. Why don't you save the rest of your time. Thank you, Your Honor. Your Honors, may it please the Court. The Court of International Trade. Is Section 181.22d of the regulations a valid regulation? It is a valid regulation, Your Honor, yes. And it provides for a waiver of the certificates of origin under some circumstances, right? It does, Your Honor. When the Port Director— Then how can the statute be jurisdictional if customs' own regulations allows a waiver in certain circumstances? I mean, that suggests that customs has the authority to waive, doesn't it? Certainly, Your Honor. But looking at the plain language of the statute, it's clear that there are some minimum requirements to filing a 1520d claim. But a certificate of origin isn't one of them because customs has allowed the waiver of the certificate of origin requirement in that regulation, 181.22d. I understand it doesn't apply here, but at least in some circumstances, customs says we can waive the certificate of origin, right? Yes, Your Honor. The form can be waived, but not the content. Because if you look at the actual waiver regulation, it says that the Port Director must be satisfied— The form, but not the content? I don't understand that. I mean, you don't have to supply— Under 181.22d, you do not have to supply the physical certificate of origin together with the claim, and it still constitutes a valid claim under the statute, right? Yes, Your Honor. Well, then, so customs can waive it. The question, it seems to me, is entirely whether 10.112 provides for a waiver. The statute's not jurisdictional, right? Well, if there's any conflict, Your Honor, I'll be clear. Between the regulation and the statute, the statute must govern— The statute's a valid regulation. So you have a regulation which waives it under some circumstances. That must mean that the statute allows a waiver, right? The statute itself does not allow a waiver of the information. The statute provides some minimum requirements for— The statute says you've got to supply the certificates of origin, but customs has taken the position that you don't, that that requirement can be waived under some circumstances, right? Yes, Your Honor. Yes. So the question is, does the regulation provide for a waiver under these circumstances? Here it does not, not under these circumstances. So why not? Why doesn't 10.112 apply? The 10.112 does not apply because, first, on its face, it applies to only free entry documents that are to be submitted at the time of entry. And this is a post-importation claim concerning documents that would come within a year after entry. So on its face, it wouldn't apply. Second, the construct of 10.112 has never been interpreted to eviscerate a statute. The cases that are cited by Ford for purposes of adopting 10.112 in this context— Bertrand, Avial, and Goffstream— they've all used that regulation to relieve a regulatory filing requirement. And here, it's clear that 10.112 can't be used to eviscerate the minimum requirements of a statute. So if we were to adopt— Not the minimum requirements of a statute. Come on. You just said that 181.22d allows the waiver of the certificate of origin requirement. So it can't be that the statute forbids a waiver. Yes, Your Honor. The point that I'm trying to— the distinction, I guess, in reading the regulation in harmony with the statute is that the waiver is allowed when the court director is otherwise satisfied that the good qualifies for preferential treatment. And it's important here to look at the purpose of the declaration that's required by the statute as well as the certificates of origin. It allows the agency to certify that the actual good that's coming in qualifies under the rules of origin. Without that declaration, without those certificates, there's no— In this context, Your Honor, it is jurisdictional because if you look at the cases of Corporal and Xerox, the basis why the CIT does not have jurisdiction is a prerequisite for jurisdiction in the context of 28 U.S.C. 1581a is a valid protestable determination. Here, there was no valid protestable determination because there was no— It makes no sense. I mean, you've got a regulation which says, forget it. You don't need to supply the copies of the certificates of origin if the court director thinks there's no issue here. So under those circumstances, custom says the statute doesn't compel you to supply the copies. If under some circumstances that can be waived, then it can't be jurisdictional, right? It's jurisdictional in the sense that it's required for a valid claim before the agency. And that's the confusion that I think arises between the argument that Ford is making that it's a jurisdictional filing requirement much like the notice of appeal example that they provide versus the analysis that Corporal and Xerox pronounced that the prerequisite for jurisdiction in the court in the CIT under 1581a is a valid protestable determination. Well, you're saying that the statute requires that you always submit the copies of the certificates of origin, right? You're saying that. Yes, the statute does require— But your own regulation says not, forget it. You don't need to do that always. There are some circumstances in which you don't need to do that. Right? You're correct, Honor. There are some circumstances, and I realize that it can appear to be somewhat contradictory. But if you look at the content, though, of what the statute is trying to accomplish and the content of what the regulation is trying to accomplish, they are in harmony because the purpose is that the agency has the requisite information before it to make a decision as to whether the goods should qualify for duty-free treatment. And here it's clear that that information was not before the agency within the one-year period of time as required by the statute. So there's no dispute here that for purposes of Ford, there was no valid claim. They didn't obtain a waiver, and they didn't comply with the requirements of the statute. Because there was never a valid claim in this context, there was never a valid protestable determination by the agency. And without a protestable determination by the agency, there was nothing for the court to review, which is the basis by which the court then dismissed the claim. Looking to Xerox and Corporal as the jurisdictional precedents that demonstrated to them that they didn't have jurisdiction. And if we were to allow Ford to use 10.112 to extend the filing requirements beyond what is congressionally mandated by the statute, it would, in essence, be increasing the court's jurisdiction. Because in this instance, Congress has delineated the basic minimum requirements for a valid post-importation active claim in this instance. And the court in Corporal also discussed what comprises a valid post-importation claim. And a valid claim includes the declaration that the goods qualify for duty-free treatment, as well as certificates of origin. And that that information, a valid claim, needs to be filed within one year. Aren't you just confusing a claim for preferential treatment, which may or may not be sufficiently supported to entitle them to preferential treatment, with the determination of the merits, whether there is sufficient information to justify preferential treatment? Well, Your Honor, it's clear that there's never been a determination on the merits here. That from the very beginning, the agency considered this as a failure to submit a valid and proper claim within one year period of time. So there's been no protestable determination, which is exactly the jurisdictional prerequisite that's necessary for the CIT to entertain jurisdiction in this case. And if you look at the actual claim at issue here, that's in the record at page 251, it's clear that this minimum amount of statements doesn't conform to the minimum amount of requirements of the statute. I mean, the statute requires that the declaration be made. And the purpose of that, which is set forth in the customs decision on the protest, is that so that the agency has some enforcement capabilities. Wasn't a declaration filed here within a year? A declaration was not filed here within a year, not for the representative claim, no, Your Honor. The only thing that was submitted within a year is what's on page 251, which is the electronic submission that Ford's customs broker submitted through the protest module. So for the purpose of this- It's also been sufficient as a claim that the certificates of origin have been attached, right? In your view. No, Your Honor, because- No? What's the matter with it? Because there needs to be a declaration, a certification, by the importer that their goods qualify. And the purpose for that is so that if, in fact, it's discovered later that the goods don't qualify, the agency has some sort of enforcement capabilities. Importers need to make, as a fiduciary of the Customs Bureau, they need to be held accountable for all statements that they make to the Customs Service. And in this instance, that statement was never made. So it's found out later that the goods do not qualify. There's no enforcement capabilities by the agency to hold the importer's feet to the fire, so to speak. So if you- So you're saying that the claim is defective both because they didn't attach the copies of the certificate of origin and because it didn't include a declaration? Yes, Your Honor. For the purposes of the representative claim, it fails for both reasons. Yes. Going back to the construct of the- What about the other claims that are pending? Were there declarations attached to them? Some of the claims of the lot that was originally included in the action, I believe, did have some of the statements within their electronic submissions. I believe they did contain the requisite language necessary within their- To be a declaration. To be considered, yes, the declaration required by customs, yes. But for purposes of the representative claim that both parties agreed would resolve the dispute, here, for purposes of jurisdiction, it did not contain that minimum requirement that's set forth by the statute. Again- But that issue wasn't decided down below, right? The court did not render its determination based upon that factor. They solely limited it to the fact that the certificate of origins requirement was not met here. And that was the basis by which the court dismissed this action below. Ford makes three primary arguments as to why Corporo and Xerox should not govern this instance. And one of them is they compare it to the jurisdictional filing requirements of a notice of appeal. And again, I would argue that Ford mischaracterizes or misunderstands the nature of Xerox and Corporo and the nature of the lower court's opinion in that it's jurisdictional pre- Didn't they file a claim here? Unsupported, but a claim within a year. No, Your Honor. Not a valid and complete claim. They did file- No. The question was not complete. Didn't they file a claim which wasn't complete? Yes, Your Honor. They did file something. They did submit something. Is that a basis for distinguishing Xerox and Corporo where there were no such claims filed within a year? No, Your Honor. No, Your Honor. They did not file a claim within a year simply because in Corporo the court discusses and reiterates the minimum requirements of the statute of what constitute a claim. And in the language of Corporo, which expressly says these requirements cannot be passed around, the minimum requirements for a claim is that the declaration be made, that the certificates be provided, and that they be provided within one year. That's a meritorious claim, a claim that will succeed. Is that distinguishable from an empty claim, which is bound to fail, but is a claim nonetheless? No, Your Honor. I don't believe that the claims that are before the court in Corporo and Xerox have any relevant distinguishing characteristics between the case and this. Well, except that the waiver issue wasn't involved there. The waiver issue wasn't involved there. And it's not involved here either, Your Honor, because Ford never obtained a waiver. So for the purposes here, it cannot be disputed that Ford didn't have a valid claim. How does a waiver come about? The importer asks for it? Or customs on its own initiates the waiver? No, Your Honor. The importer must ask for it. And as well, the court director must provide it in writing. It can't be done through. And it was not requested here? It was requested here, actually, Your Honor. I believe there was some correspondence. Maybe Ford can, I didn't have the case below, so I'm not quite certain exactly what the. Was it after a year? Or within a year? It was before a year. And in fact, I think that you've raised a very poignant point here, Your Honor. If you look at the record at pages 162 and 163, there's two letters that customs provides to Ford. And in its brief, Ford discusses the colloquy that was going back and forth between customs and Ford. And at that page of the record, there's two letters that says, we understand there's this colloquy going on, but let's be clear. You need to conform with the requirements of the regulation and the statute. So any confusion that Ford was perceiving at that time as to what their duties were for providing a valid claim, customs cleared up that confusion well before the one-year period of time. And a responsible importer would have realized, if I want to secure my interest in obtaining my duties back, I'm going to comply with the statute and the regulation, despite whatever oral assurances or communications are going back and forth. Because in writing, the agency has advised me that I need to comply with the statute and I need to comply with the regulation. But that doesn't affect whether the failure to comply or the failure to understand that the COs were required was a jurisdictional defect. I apologize. I don't think I quite understand what your question is. In other words, the fact that there was this colloquy back and forth and that Ford was fully aware of the fact that it had to file these COs doesn't mean that their failure to file means that there was a jurisdictional defect in the claim. That the claim was filed, arguably, within a year, albeit that it was incomplete. Something was filed. Yes, I mean, a claim was filed within a year. It certainly wasn't supported. So the argument is that if they filed what they considered to be a claim, it was missing the COs, but that they can file those COs later without a jurisdictional defect. No, Your Honor, that's not our position. It's our position that the certificates, that the minimum requirements of the statute must be met, and that the declaration and the certificates must be provided to the agency within one year of importation. Unless the 181.22d excuses them. Under those circumstances, you don't have to supply the certificates, right? You're correct, Your Honor. If a proper waiver has been obtained from the Port Director in writing, where the Port Director has been satisfied that the substance of those certificates are before it, then it will waive the requirement. But there's no dispute here that Ford did not have a valid claim, because they didn't obtain a waiver, and they didn't comply with the bare minimum requirements of the statute. And for that reason, the Court did not have jurisdiction. Thank you, Your Honor. Thank you, Mr. Miller. Yes, I'll be very brief, Your Honor. I just want to talk a second about waiver authority. And the waiver authority, I think the Court has understood it's within the statutory context. Customs can waive the CO if they're satisfied that the claim has been met. But also, we have to look at the reconciliation program. And the reconciliation program is very important, because it shows Customs' own interpretation of the statute. Customs has the reconciliation program in place, where Customs is telling all importers that there is no requirement to file a NAFTA CO with your 520D claim. But later on, they may require you to file a NAFTA CO. And they'll consider the claim. So there's this second waiver that Customs, by its administrative practice, has built into the law. And Customs has built it into the law, because Customs has a tremendous amount of discretion on 520D to show that it's not jurisdictional. 520D says that it should be construed in accordance with regulation prescribed by the Secretary, and again, at the end, files in accordance with those regulations. So 520D, on its face, has to be read in conjunction with regulations. One of the regulations is 10.112. But the other important program is the reconciliation program. If the Department of Justice's opinion, the reconciliation program would be contrary to law. If you take what their Department of Justice is trying to tell you today, Customs has to abandon its reconciliation program. And we believe that cannot be the law. This is a very important program that Customs has. It currently applies to virtually all imports under NAFTA. And it's going back. When this case came up, Your Honor, NAFTA was in effect in 1994. There was a tremendous amount of confusion going on as to how to file. The NAFTA claim had to be filed electronically. The problem came up that you couldn't file the NAFTA CO electronically. So you had to file the NAFTA CO by paper. After filing the NAFTA CO, the NAFTA claim electronically, three other ports of entry at this time were allowing Ford's claims. And Ford was having a dialogue. The Justice Department says that Ford was told by Customs that they couldn't do this. But the port director, one port out of four, told Customs it was a problem. And Customs immediately appealed that to Customs headquarters. Ford honestly believed that the dialogue was continuing when all of a sudden Customs pulled the plug. In the claim here, is it missing not only the COs but also the written declaration? The written declaration was absolutely filed, Your Honor. There was a written declaration filed, and we discussed this in our briefs. What the Department of Justice is saying is that there was one line that was not there. The written declaration had to have five or six statements. Ford's Customs house broker missed one statement out of five or six. And now, this wasn't before the lower court could even get there, and now the Department of Justice is trying to say that because Ford's declaration was not perfect, that it was not absolutely, positively perfect, that the entire claim fails. And we say that absolutely cannot be the law. That wasn't decided by the Court of International Trade. And if we have five out of six, we have substantial compliance with that declaration. The context of the declaration is not jurisdictional, Your Honor. Thank you, Mr. Marshack. Thank you, Your Honor. Take the case under review.